# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 15-CV-2712 (JFB)(AKT)
_____

MALEK HARRISON,

Plaintiff,

VERSUS

COUNTY OF NASSAU, ET AL.,

Defendants.
_____

**MEMORANDUM AND ORDER**
August 1, 2016
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff, Malek Harrison ("plaintiff"), brings this action against the County of Nassau; the Nassau County Police Department; the Nassau County Office of the District Attorney (the "District Attorney's Office" or the "District Attorney"); Nassau County Detective, Ronald Rispoli ("Detective Rispoli"); Assistant District Attorney, Jhounelle Cunningham ("ADA Cunningham"); and Assistant District Attorney, Carolyn Abdenour ("ADA Abdenour") (collectively, "defendants"), alleging that defendants are liable for (1) false arrest; (2) malicious prosecution; (3) police misconduct; (4) prosecutorial misconduct; (5) abuse of power; and (6) conspiracy to deny plaintiff's constitutional right to due process and a fair trial.

Defendants now move for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, defendants' motion is granted in part and denied in part. Specifically, defendants' motion is granted, with the exception of its motion to dismiss all claims against the County of Nassau.

I.  BACKGROUND

A.  Factual Background

Plaintiff's disjointed Complaint ("Compl.") is difficult to follow; however, the Court has gleaned the following allegations from the Complaint, which it has supplemented with information from plaintiff's Opposition ("Opp'n") to defendants' motion.[1] Plaintiff's case relates

---

[1] Plaintiff has referenced facts in his Opposition that are not included in his Complaint. Although courts generally will not accept factual allegations raised for the first time in opposition to a motion to dismiss,

to his arrest in connection with the alleged use of a fraudulent instrument at a Target store on May 24, 2012 (the "Target crime" or the "2012 crime"). (Compl. at 3.)

The year before, plaintiff was also arrested for his alleged involvement in the use of a fraudulent instrument at a Marshalls retailer (the "Marshalls crime" or the "2011 crime"). Plaintiff contends that "it is imperative to draw inferences from plaintiff's arrest and prosecution [for the 2011 crime], which were perpetrated primarily by the same parties named as Defendants herein."[2] (*Id.*) Concerning the 2011 crime, plaintiff asserts, in relevant part, that Detective Rispoli "manufactured" a statement by a witness, Nils Renner, in order to implicate plaintiff. (*Id.* at 4 ("[T]he initial 2011 arrest by Detective Rispoli[] was found to be based upon plaintiff's identification, as made in a document fraudulently created by Detective Rispoli, namely, the 'Statement [o]f Nils Renner.'"); *see also* Opp'n at 5.) He asserts that defendants conspired with Detective Rispoli to overlook allegedly obvious infirmities in the Renner Statement and used it to falsely and maliciously prosecute plaintiff despite the fact that the district attorneys prosecuting the case knew that plaintiff was innocent. (Compl. at 4.)

With respect to the 2012 crime, plaintiff alleges that on May 31, 2012, while attending a court appearance for the 2011 crime, Detective Rispoli approached him and informed him that he was under arrest in connection with the Target crime. (Opp'n at 2.) Plaintiff surrendered himself on June 4, 2012. (*Id.* at 3.)

Plaintiff alleges that, as was the case when he was arrested and prosecuted for the 2011 crime, the District Attorney's Office conspired with Detective Rispoli to "turn a blind eye to Rispoli's misconduct" and "to pursue and manufacture a farcical prosecution in an attempt to secure a conviction" in connection with the Target crime.[3] For example, plaintiff accuses ADA Abdenour of "manufacturing" the affidavit of witness Ntozake Morgan. (Compl. at 6.) Plaintiff contends: (1) that Ms. Morgan was not interviewed following the crime and, in fact, that ADA Abdenour did not produce the Morgan statement until seventeen months after the crime occurred; and (2) that the District Attorney's belated introduction of this witness "demonstrates its intention to manufacture a false case against [P]laintiff with witnesses it believes would acquiesce in its knowingly falsified events or identification of the Plaintiff." (*Id.* at 7.) As

---

some courts have construed the mandate to read a *pro se* plaintiff's papers liberally as allowing for consideration of such allegations. *See Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*, No. 13 Civ. 2747, 2014 WL 1910624, at *3 (S.D.N.Y. May 12, 2014) ("When a plaintiff is proceeding *pro se*, the Court also may rely on any opposition papers in assessing the legal sufficiency of the plaintiff's claims.") (internal citations omitted); *Malik v. City of New York*, No. 11 Civ. 6062, 2012 WL 3345317, at *5 (S.D.N.Y. Aug. 15, 2012) ("The mandate to read a *pro se* plaintiff's papers liberally, however, makes it appropriate to consider factual allegations in Malik's opposition papers, in addition to those in his Complaint, in resolving the motion to dismiss.") (internal citations omitted), *adopted by* 2012 WL 4475156 (S.D.N.Y. Sep 28, 2012); *Aponte v. Buono*, No. 11 Civ. 1077, 2011 WL 6812924, at *3 (E.D.N.Y. Dec. 28, 2011); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 461 (N.D.N.Y. 2009).

[2] Plaintiff has filed a separate lawsuit regarding his arrest and prosecution for the Marshalls crime (*see* 2:14-cv-01296-JFB-AKT).

[3] As part of this alleged conspiracy, Plaintiff claims that "the exact photo array claimed to be used by Detective Rispoli to identify Plaintiff in this May 2012 arrest was found to be the same used in the 2011 case." (Compl. at 3.) Plaintiff does not explain how he was injured by the reuse of the photo array.

further evidence of this effort, plaintiff alleges that the District Attorney originally attempted to introduce a female witness as the Target cashier who conducted the transaction during which the fraudulent instrument was allegedly used, but that, after a review of the security camera footage revealed that the cashier involved in the transaction at issue was a man, the District Attorney was forced to produce a male witness, Dustin Williams, which it only managed to do the day before Mr. Williams was supposed to testify. (*Id.* at 5.) He further alleges that the District Attorney's Office "pressured" and "tampered" with this witness to obtain a positive identification of plaintiff as evidenced by the fact that Mr. Williams testified that he was not even sure whether he was working on the day in question. (*Id.*)

Plaintiff asserts that the prosecutions for both the 2011 and 2012 crimes "were dismissed in the wake of undeniable evidence that no independent evidence existed in either case that placed the Plaintiff at either location in the aforementioned cases." (*Id.* at 6.)

B. Procedural Background

On October 15, 2015, defendants moved for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), seeking the following relief: (1) dismissal of all claims against the Nassau County Police Department; (2) dismissal of all claims against the Nassau County District Attorney's Office; (3) dismissal of all claims against ADA Cunningham; (4) dismissal of all claims against ADA Abdenour; (5) dismissal of the conspiracy claim against Detective Rispoli; (6) dismissal of the "abuse of power" claim against Detective Rispoli; (7) dismissal of the prosecutorial misconduct claim against Detective Rispoli; and (8) dismissal of all claims against Nassau County.[4] Plaintiff opposed defendants' motion on November 17, 2015, and defendants submitted a reply on November 25, 2015. The matter is fully briefed, and the Court has considered all of the parties' submissions.

II. STANDARD OF REVIEW

Courts evaluate a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standard as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Nicholas v. Goord*, 430 F.3d 652, 658 n.8 (2d Cir. 2005). In reviewing a motion to dismiss under Rule 12(b)(6) or 12(c), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1955 (2007)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1974. The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face."

---

[4] In Defendants' enumerated requests for relief (*see* Defs.' Mot. at 1), they do not specifically seek to dismiss the abuse of power and conspiracy causes of action against all defendants, only as against Detective Rispoli. However, in their brief, they argue that these claims should be dismissed in their entirety. Thus, the Court will consider the motion to dismiss these claims as against all defendants.

*Id.* Further, in reviewing a motion to dismiss, "the district court is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Finally, as plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

### III. DISCUSSION

#### A. Abuse of Power Claim

Plaintiff brings his action pursuant to Section 1983 and asserts a claim against all defendants for "abuse of power." (Compl. at 1.) To prevail on a § 1983 claim, plaintiff must establish that he was denied a federal right. *See Frederique v. Cty. of Nassau*, No. 11-CV-1746 (SIL), 2016 WL 1057008, at *6 (E.D.N.Y. Mar. 11, 2016). However, a "cause[] of action for 'abuse of power' . . . do[es] not allege the deprivation of any federal right." *Bravo v. Bexar Cty., TX*, No. 12-CV-4009 MKB, 2014 WL 1155302, at *8 (E.D.N.Y. Mar. 21, 2014); *see also O'Bradovich v. Vill. of Tuckahoe*, 325 F. Supp. 2d 413, 426 (S.D.N.Y. 2004) ("'[A]buse of power' is not an independently cognizable claim for § 1983 purposes."). Accordingly, this claim must be dismissed in its entirety for failure to state a claim upon which relief may be granted.

#### B. Conspiracy Claim

Plaintiff also alleges that defendants "conspire[ed] to deny his constitutional right to due process and a fair trial." (Compl. at 1.) The intracorporate conspiracy doctrine posits that the officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other. *See, e.g.*, *Farbstein v. Hicksville Pub. Library*, 254 F. App'x 50, 50-51 (2d Cir. 2007) (affirming dismissal of conspiracy complaint "at the first step of analysis" because complaint made reference only to employees of same corporation); *Rini v. Zwirn*, 886 F. Supp. 270, 292 (E.D.N.Y. 1995) ("Intracorporate immunity has also been extended to the context of conspiracies between a public entity and its employees."); *accord Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003); *Quinn v. Nassau County Police Dep't*, 53 F. Supp. 2d 347, 359-60 (E.D.N.Y. 1999). Here, plaintiff does not dispute that defendants are all employees of a single municipal entity, Nassau County. The Court has carefully reviewed the complaint and finds that the intracorporate conspiracy doctrine prevents a finding of liability of defendants for participation in a conspiracy to deny plaintiff his constitutional rights. Thus, the Court dismisses plaintiff's conspiracy claim.

#### C. Nassau County Police Department

Defendants move to dismiss the claims against the Nassau County Police Department, alleging that the Department is not a suable entity. Defendants are correct that the Department cannot be sued. *See, e.g.*, *Jackson v. Cty. of Nassau*, No. 07-CV-245 (JFB)(AKT), 2010 WL 335581, at *5 (E.D.N.Y. Jan. 22, 2010) (dismissing complaint against the Nassau County Police Department because "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued"); *Aguilera v. Cty. of Nassau*, 425 F. Supp. 2d 320, 323 (E.D.N.Y. 2006) ("Under New York law, the Nassau County Police

4

Department is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued."). Accordingly, their motion to dismiss the Complaint as against the Nassau County Police Department is granted.

D. The District Attorney's Office

Because the District Attorney's Office is likewise an administrative arm of the municipality, plaintiff's claims against this defendant must also be dismissed. *See, e.g.*, *See Powell v. State of New York*, No. 15-CV-3733 (MKB), 2015 WL 7756108, at *2 (E.D.N.Y. Nov. 30, 2015) ("The District Attorney's Office is a non-suable entity lacking any distinct legal existence distinct from the District Attorney."); *Jackson*, 2010 WL 335581, at *6 (dismissing Section 1983 claim against Office of the District Attorney because it is not a suable entity); *Conte v. Cty. of Nassau*, No. 06-CV-4746 JFB ETB, 2008 WL 905879, at *1 (E.D.N.Y. Mar. 31, 2008) (dismissing claim against Nassau County Office of the District Attorney because it is an administrative arm of Nassau County and therefore cannot be sued).

E. ADAs Cunningham and Abdenour

Defendants argue that the claims against ADAs Cunningham and Abdenour must be dismissed as both prosecutors are entitled to absolute immunity.[5]

It is well-settled that prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities, i.e., those acts "intimately associated with the judicial phase of the criminal process," but not for "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see, e.g.*, *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). For example, in *Hill*, the Second Circuit held than an Assistant District Attorney's alleged acts of, *inter alia*, "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as all are part of his function as an advocate." *Id.* Similarly, the Second Circuit has held that absolute immunity extends to a prosecutor's "'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information,'" even where the prosecutor knowingly prosecutes an innocent person. *Shmueli*, 424 F.3d at 237-38 (quoting *Imbler*, 424 U.S. at 431 n.34).

1. ADA Cunningham

The Complaint makes a single reference to ADA Cunningham, alleging that: "Defendant Jhounelle Cunningham . . . disregarded the misconduct and falsified evidence submitted by Nassau County Detective Ronald Rispoli and conspired with said detective and others to knowingly, falsely and maliciously prosecute plaintiff without probable cause or any independent

---

[5] Defendants also argue that Plaintiff has failed to state a claim against ADAs Cunningham and Abdenour. However, as the Court agrees that the ADAs are entitled to absolute immunity, it need not reach this argument.

evidence." (Compl. at 3.) Even accepting the allegations that ADA Cunningham used falsified evidence to maliciously prosecute plaintiff, ADA Cunningham is still entitled to absolute immunity because this act is still reasonably within the function of a prosecutor. *See, e.g.*, *Shmueli*, 424 F.3d at 238 (holding that ADAs were entitled to absolute immunity from allegations that they "maliciously prosecuted [plaintiff] for various crimes, all of which they knew she was innocent of committing"); *Dory*, 25 F.3d at 83 ("[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate. This would even include . . . allegedly conspiring to present false evidence at a criminal trial."); *Collins v. City of New York*, 923 F. Supp. 2d 462, 471 (E.D.N.Y. 2013) (noting that "the falsification of evidence" and "the subordination of perjury" are "prosecutorial activities for which absolute immunity applies" (quoting *Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir. 1981) (internal quotation marks omitted))).

2. ADA Abdenour

Plaintiff's allegations concerning ADA Abdenour are similarly cursory, claiming only that:

> Assistant District Attorney Carolyn Abdenour wrote the supporting deposition on behalf of alleged witness Ntozake Morgan on October 16, 2013, some 17 months after the crime took place. Miraculously, she was able to manufacture this affidavit without the benefit of any documented or purported record of any interview of this alleged witness immediately following, or in the weeks or even months following the crime by anyone in the police department or the Nassau County DA's Office. Ntozake Morgan's trial testimony eliminated any evidence that he was ever interviewed by, either Detective Ronald Rispoli, or any other representative(s) of the Nassau County Police Department or any member of the Nassau County Office of the District Attorney prior to or even up to October 16, 2013. The conspicuousness of this supporting deposition coming only five (5) days prior to the dismissal of the . . . [the 2011 arrest], smacks not only of malicious prosecution, but also demonstrates vindictive prosecution against a person they knew or should have known was completely innocent.

(Compl. at 6.)

However, even assuming that ADA Abdenour did fabricate witness Morgan's statement, doing so would have been part of her prosecutorial activities in preparing for trial and, therefore, would be protected by absolute immunity. *See, e.g.*, *Bermudez v. City of New York*, No. 11 CIV. 750 LAP, 2013 WL 593791, at *7 (S.D.N.Y. Feb. 14, 2013) (prosecutor accused of coercing witness testimony and fabricating evidence was entitled to absolute immunity as his alleged misconduct occurred after plaintiff's arrest, while the defendant was preparing for trial).

6

F.  Detective Rispoli

Defendants move to dismiss the prosecutorial misconduct claim against Detective Rispoli. Detective Rispoli is not a prosecutor and therefore cannot commit prosecutorial misconduct. This claim is dismissed as against Detective Rispoli.[6]

G.  Nassau County

"A municipality will not be held liable under § 1983 unless plaintiffs can demonstrate that the allegedly unconstitutional action of an individual law enforcement official was taken pursuant to a policy or custom officially adopted and promulgated by that [municipality's] officers." *Abreu v. City of N.Y.*, No. 04-CV-1721, 2006 WL 401651, at *4 (E.D.N.Y. Feb. 22, 2006) (quotation marks omitted) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives" by the municipality's lawmakers. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483-84 (1986)). "'[T]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993)).

The Court finds that plaintiff has alleged sufficient facts to state a plausible claim for municipal liability against the County. Plaintiff has alleged that the similarities between the allegedly unfounded arrests and prosecutions in 2011 and 2012 demonstrate a pattern of malicious prosecution against him. (*See* Compl. at 4 ("[T]he connection between the two cases is inescapable and thus inseparable, as they demonstrate a pattern of malfeasance on the part of the Defendants . . . .").) Plaintiff avers that, in 2011, Detective Rispoli fabricated the Renner witness statement in order to implicate plaintiff for possession of a forged instrument and that the District Attorney's Office used this falsified evidence to maliciously prosecute plaintiff despite the fact that the Office allegedly knew that plaintiff was innocent. Plaintiff alleges that a similar episode occurred just a year later when Detective Rispoli again targeted plaintiff as the perpetrator in connection with the Target crime, and the District Attorney's Office used allegedly falsified testimony from witnesses Morgan and Williams to maliciously prosecute plaintiff, though they knew he was innocent. As plaintiff proceeds *pro se*, the Court construes his allegations to "raise the strongest arguments that they suggest." *Weixel*, 287 F.3d at 145-46. Given plaintiff's allegations that defendants allegedly twice in two years employed a similar scheme whereby they fabricated witness testimony in order to falsely implicate plaintiff and maliciously prosecute him (*see, e.g.*, Compl. at 6 ("The inescapable fact is that Nassau County Detective Ronald Rispoli decided to make this plaintiff his personal target in the crime perpetrated against Target on May 24, 2012. After all, Rispoli had already conspired against and falsely arrested [plaintiff] in a January 2011 case of an identical nature . . . .")), plaintiff has sufficiently alleged a practice of malicious prosecution by the County. *See*

---

[6] Defendants also moved to dismiss the abuse of power and conspiracy claims against Detective Rispoli. As the Court has dismissed these claims in their entirety, it will not separately address them here.

7

*Varricchio v. Cty. of Nassau*, 702 F. Supp. 2d 40, 61-62 (E.D.N.Y. 2010) ("The Court concludes that, by alleging at least three instances in which he personally was allegedly maliciously prosecuted, plaintiff has adequately alleged the existence of a policy or procedure of malicious prosecution by the County.").

IV. LEAVE TO AMEND

The Second Circuit has emphasized that: "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, leave to replead can be denied where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

With respect to plaintiff's claims for abuse of power and conspiracy; his claims against the Nassau County Police Department and the Nassau County Office of the District Attorney; and the prosecutorial misconduct claim against Detective Ronald Rispoli, granting plaintiff leave to replead these claims would be futile, as these are untenable claims and not suable entities. With respect to ADAs Abdenour and Cunningham, the Court also denies leave to replead claims against them because it is clear that all of plaintiff's allegations relate to their involvement in his prosecution and are therefore protected by absolute immunity. Additionally, on December 23, 2015, plaintiff submitted a supplemental filing (ECF No. 28) in which he purports to set forth new evidence in support of his claims. A review of this material confirms that all the allegations, including the new allegations contained in this supplemental filing, relate to ADAs Abdenour and Cunningham's roles as prosecutors in this case. Thus, any attempt to replead to incorporate this new evidence would be futile.[7]

---

[7] In this filing, Plaintiff also demands to view unredacted copies of the material provided to him by Defendants. (*See* ECF No. 28 at 5.) Such discovery disputes should be raised with the Magistrate Judge and will not be resolved here.

## V. CONCLUSION

For the foregoing reasons, defendants' motion for partial judgment on the pleadings is granted in part and denied in part. Specifically, plaintiff's abuse of power and conspiracy claims are dismissed as against all defendants; all claims against the Nassau County Police Department, Nassau County District Attorney's Office, and ADAs Cunningham and Abdenour are dismissed; and the prosecutorial misconduct claim against Detective Rispoli is dismissed. However, plaintiff's motion to dismiss all claims against Nassau County is denied. The Magistrate Judge shall initiate discovery with respect to the remaining claims.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 1, 2016
Central Islip, New York

\*   \*   \*

Plaintiff proceeds *pro se*. Defendants are represented by Ralph J. Reissman, Nassau County Attorney's Office, One West Street, Mineola, NY 11501.