UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MALEK HARRISON,                           :
                                          :
              Plaintiff,          :
                                          :
   -against-                             :    ORDER
                                          :    15-CV-2712 (JFB)(AKT)
COUNTY OF NASSAU, ET AL.,                 :
                                          :
              Defendants.        :
---------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Malek Harrison brings this civil rights action under 18 U.S.C. § 1983 against the County of Nassau and Nassau County Detective Ronald Rispoli[1] for false arrest; malicious prosecution; police misconduct; prosecutorial misconduct; abuse of power; and conspiracy to deny plaintiff's constitutional right to due process and a fair trial. Several motions are presently pending before the Court: (1) plaintiff's motion for reconsideration of the portion of the Court's August 1, 2016 Memorandum and Order that dismissed Assistant District Attorney Carolyn Abdenour from this case (ECF No. 55); (2) plaintiff's motion to recuse Magistrate Judge Tomlinson (ECF No. 79); and (3) motions for summary judgment (ECF Nos. 53, 71).

On April 6, 2018, the Court referred the motions for summary judgment to Magistrate Judge Tomlinson for a report and recommendation. (ECF No. 75.) On August 31, 2018, Magistrate Judge Tomlinson issued a Report and Recommendation ("R&R," ECF No. 82), recommending that plaintiff's motion for summary judgment be denied and defendants' cross-motion for summary judgment be granted.

---

[1] In its August 1, 2016 Memorandum and Order on defendants' motion for judgment on the pleadings, the Court dismissed the Nassau County Police Department, the Nassau County District Attorney's Office, and Assistant District Attorneys Jhounelle Cunningham and Carolyn Abdenour from the case. (ECF No. 29.)

As explained below, plaintiff's motions for reconsideration and for Magistrate Judge Tomlinson's recusal are both denied. Further, under a *de novo* standard, the Court adopts the thorough and well-reasoned R&R in its entirety. Accordingly, plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted.

## I. Plaintiff's Motion for Recusal

Plaintiff's motion to recuse is based on his assertions that Magistrate Judge Tomlinson's rulings are biased against him. (*See generally* ECF No. 79.)[2]

A judge's recusal is required in "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under Section 455(a), the standard is "whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013). The Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Unfavorable rulings may constitute a valid basis for recusal if they "show reliance upon an extrajudicial source" and do constitute a valid basis if they "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.*; *see also Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, No. 09-CV-0121 (SJF) (ARL), 2016 WL 3080807, at *10 (E.D.N.Y. May 27, 2016); *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 154 (S.D.N.Y. 2012). Judicial rulings can "only in the rarest of circumstances evidence" the requisite degree of favoritism. *Liteky*, 510 U.S. at 551.

---

[2] Plaintiff addresses the motion for recusal to this Court. Moreover, in the R&R, Magistrate Judge Tomlinson left the resolution of the recusal motion to this Court. Accordingly, the Court will address the motion, which is, in essence, a motion for this Court to reassign the case to another magistrate judge.

Here, plaintiff fails to meet this exceedingly high standard for recusal based on Magistrate Judge Tomlinson's rulings. There is no indication that Magistrate Judge Tomlinson's rulings were derived from any extrajudicial source. Nor have those rulings exhibited any favoritism or antagonism towards either side. Moreover, to the extent plaintiff alleges any other improper conduct, those allegations are completely unsubstantiated and baseless. Accordingly, plaintiff's motion to recuse Magistrate Judge Tomlinson is denied.[3]

## II. Plaintiff's Motion for Reconsideration

Also pending before the Court is plaintiff's motion for reconsideration of the Court's August 1, 2016 Memorandum and Order (the "August 2016 Order," ECF No. 29), which, among other things, dismissed the claims against defendant Carolyn Abdenour based on absolute prosecutorial immunity. (ECF No. 55.)[4]

Motions for reconsideration may be filed under Federal Rules of Civil Procedure 59(e) or 60(b). The standard for granting a motion for reconsideration under Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. N.Y.C. Campaign Fin. Bd,* 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (citation omitted). "A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked 'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Id.* (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)). "Alternatively, the movant must

---

[3] As discussed more thoroughly below, although the Court denies plaintiff's motion for recusal, the Court has conducted a *de novo* review of the parties' motions for summary judgment and the bases therefore, and, independently of the R&R, concludes that plaintiff's motion should be denied and defendants' motion should be granted for the reasons set forth in the R&R.

[4] The R&R notes that plaintiff improperly addressed the motion for reconsideration to Magistrate Judge Tomlinson, and recommends that the Court deny the motion with leave to renew it. In the interest of judicial economy, however, the Court addresses the motion now.

demonstrate 'the need to correct a clear error or prevent manifest injustice.'" *Id*. at 284 (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Rule 60(b) permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. *House v. Sec'y of Health & Human Servs.,* 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b) provides that relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.,* 14 F.3d 756, 759 (2d Cir. 1994).

Here, plaintiff argues that newly discovered evidence and alleged misrepresentations by defendants warrant reconsideration of the August 2016 Order. Specifically, plaintiff argues that discovery revealed that Abdenour was a "Law Assistant" for the Nassau County District Attorney's Office ("NCDAO"), and not an Assistant District Attorney, when she assisted in prosecuting plaintiff. Thus, plaintiff urges, Abdenour was not entitled to prosecutorial immunity.

Defendant Nassau County submitted a memorandum of law and accompanying declaration in opposition to plaintiff's motion. (ECF No. 64.) Those materials explain that Abdenour was required to use the title of "Law Assistant" while awaiting admission to the New York State Bar, and that Abdenour "perform[ed] the duties of a prosecutor in the NCDAO between September 20, 2013, when she was hired directly out of law school, and April 2014, when she was fully admitted to the bar in the State of New York." (ECF No. 64-1 at 3; *see also* ECF No. 64 ¶ 6.) For example,

4

Abdenour was tasked with "writing motions, presenting felony and misdemeanor motions in Nassau County District Court, Part 9, and drafting and revising accusatory instruments." (ECF No. 64 ¶ 7.) As for plaintiff's criminal prosecution, Abdenour "revis[ed] the accusatory instrument, and was involved in the omnibus motion." (*Id.*)

Plaintiff has not satisfied the standard necessary for the Court to reconsider the August 2016 Order. Plaintiff points to no authority for his argument that Abdenour's "Law Assistant" title is determinative of whether she was, in fact, a prosecutor during the relevant time period, and the Court concludes that it is not. In any event, it is well established that absolute immunity protects both "prosecutors, and *persons working under their direction*, when they function as advocates for the state in circumstances 'intimately associated with the judicial phase of the criminal process.'" *E.g.*, *Bernard v. Cty. of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004) (emphasis added). As amply supported by defendants' declaration in opposition to plaintiff's motion, and as plaintiff's own filings in this case demonstrate, Abdenour was acting for the NCDAO and, in particular, under the direction of Assistant District Attorney Cunningham, during the relevant time period. Accordingly, plaintiff's motion for reconsideration is denied.

### III. The Motions for Summary Judgment

Finally, also pending before the Court are motions for summary judgment. (ECF Nos. 53, 71.) As noted above, the Court referred these motions to Magistrate Judge Tomlinson, and, on August 31, 2018, Magistrate Judge Tomlinson issued the R&R recommending that defendants' motion for summary judgment be granted and plaintiff's motion for summary judgment be denied. (ECF No. 82.) The R&R directed that any objections filed within fourteen (14) days of service of the same. (R&R at 46.) The deadline has since passed, and no party has filed an objection.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

5

intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to timely object is not jurisdictional, a district judge may excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (quoting *Thomas,* 474 U.S. at 155).

Here, although the Court has denied plaintiff's motion to recuse Magistrate Judge Tomlinson and no party has objected to the R&R, the Court has conducted its own *de novo* analysis (independent of the R&R), and grants defendants' motion for summary judgment and denies plaintiff's motion for summary judgment directly for the reasons set forth in the R&R.

### IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motions for recusal of Magistrate Judge Tomlinson (ECF No. 79) and for reconsideration of the Court's August 1, 2016 Memorandum and Order (ECF No. 55) are denied. IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (ECF No. 53) is denied, and defendants' motion for summary judgment (ECF No. 71) is granted. The Clerk of the Court shall enter judgment accordingly and close the case.

IT IS FURTHER ORDERED that defendants shall serve a copy of this Order on *pro se* plaintiff, and file proof of service with the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

Dated: September 24, 2018
      Central Islip, New York

Joseph F. Bianco
United States District Judge